# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE BRENT ROBESON,

    Debtor,

Bankruptcy Case Number
22-80267-CRJ-13

BRENT ROBESON,

    Plaintiff,

v.

Adversary Proceeding No.

INTEGRATED BEHAVIORAL HEALTH, INC.,

    Defendant.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Brent Robeson ("Robeson"), makes the following allegations in his complaint against the Defendant, Integrated Behavioral Health, Inc. ("IBH").

### Parties, Jurisdiction, and Nature of Action

1. Robeson is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on February 18, 2022. IBH is a corporation organized and existing under the laws of the state of Alabama. At all times material to this complaint, IBH regularly and systematically conducted business in the State of Alabama, and, in particular, within the portion of the state of Alabama lying within this court's district and division. Robeson did business with the defendant within this district and division, and it is these business transactions that give rise to this litigation.

2. IBH is listed as a creditor in the schedules filed by Robeson.

3. Despite having both notice and actual knowledge of the commencement of Robeson's case, IBH sent multiple letters to Robeson in an attempt to collect a prepetition debt owed by Robeson to IBH. The plaintiff asserts that the letters were not for informational purposes, but had the sole intention of coercing payment from Robeson. There being no other reason to contact the debtor regarding an unsecured prepetition debt.

4. Robeson brings this action to recover the actual damages that he has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover punitive damages from the defendant for those violations.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Robeson's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Robeson and the Defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

Further, Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of Parker v. Credit Central South, Inc. (In re Parker), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

Additionally, the 11th Circuit in *Mantiply v. Horne* (*In re Horne*), 876 F.3d 1076 (11th Cir. 2017), held that nothing in the text of §362(k)(1) limits the scope of attorney's fees to solely ending the stay violation. Congress made sure to add that §362(k)(1)'s definition of "actual damages" includes costs and attorney's fees. See Alan N. Resnick & Henry J. Sommer, 3 *Collier on Bankruptcy* ¶ 362.12[3] (16th Ed. 2014) [hereinafter *Collier*] ("Attorney's fees incurred in prosecuting an action to obtain full relief under the statute, including any entitlement to actual and punitive damages, is as much a part of the debtor's 'actual damages' as those incurred in stopping the stay violation."). Congress did not say those costs and attorney's fees were limited to ending the stay violation, but rather spoke to a full recovery of damages including fees and costs incurred from violating the stay. This explicit, specific, and broad language permits the

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).
[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

recovery of attorney's fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal.

## Claim – Violation of the Automatic Stay

6. Robeson incorporates by reference the allegations in paragraphs one through five of this complaint.

7. IBH is listed as a creditor in Schedule F of the bankruptcy case filed by Robeson.

8. As a result of IBH being listed as a creditor in the schedules filed by Robeson, the defendant had notice and actual knowledge of both the commencement of, and all the proceedings in, Robeson's case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Robeson's bankruptcy case gave rise to the automatic stay which, among other things, prohibits IBH from attempting to collect from Robeson any pre-petition obligation owed by Robeson to IBH.

10. Under 11 U.S.C. §362:

> "(a)Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

The actions of IBH violate 11 U.S.C. §362(a) as set forth in this complaint.

11. Despite the imposition of the automatic stay by the commencement of this case and having both notice and actual knowledge of the commencement of this case, IBH sent two letters to Robeson in an attempt to collect a pre-petition obligation owed by Robeson to IBH. The Bankruptcy Noticing Center sent two notices by first class mail to IBH - on March 6, 2022 and on March 9, 2022. (See Exhibit 1 – BNC Certificates of Notice). IBH sent letters to Robeson on March 14, 2022 and April 28, 2022. Each letter lists the debtor's name and account number, a prepetition Date of Service of 4/13/2021, and a "Payment Due" of $126.35. (See Exhibit 2 – IBH Letter 3-14-2022, Exhibit 3 – IBH Letter 4-28-2022). Notably, the letters do not contain bankruptcy disclaimers. The Plaintiff asserts that there is no valid reason for sending the letters to Robeson for an unsecured, prepetition debt included in his bankruptcy case. The letters provide

clear post-petition demands for payment of a prepetition debt. The plaintiff asserts that the letters were not sent for informational purposes and do not contain any useful information. The only purpose of the letters was to coerce payment from Robeson.

12. Robeson has sustained injury and damage as a result of the defendant's violations of the automatic stay.

13. The defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Robeson is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against IBH for their willful and intentional violations of the automatic stay. Sending multiple letters attempting to collect a prepetition debt in violation of the automatic stay, after receiving multiple notices of the debtor's bankruptcy case from the Bankruptcy Noticing Center, shows a marked indifference for the Federal Law and the orders of this honorable Court.

15. Robeson was emotionally distressed as a direct and proximate result of the defendants' behavior.

**WHEREFORE**, Robeson asks this Court to enter an order:
(A) Awarding Robeson compensatory damages against IBH including the reasonable attorney's fees and costs incurred by Robeson in the preparation and prosecution of this adversary proceeding;
(B) Awarding Robeson punitive damages against IBH for their willful and intentional violations of the automatic stay, such damages being intended to instill in IBH and other creditors due respect for this Court and its orders and to deter them from taking similar action against Robeson and similarly situated debtors in the future;
(C) Voiding the debt owed to IBH by Robeson; and
(D) Granting Robeson any additional or different relief this court deems appropriate.

Dated: 5/16/2022                                    Respectfully submitted,

                                                                            /s/ *John C. Larsen*
                                                                            John C. Larsen
                                                                            Attorney for the debtor/plaintiff,
                                                                            Brent Robeson

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com