IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE BRENT ROBESON, | ) | |
| | ) | Bankruptcy Case No.: |
| Debtor, | ) | 22-80267-CRJ-13 |
| | ) | |
| | ) | |
| BRENT ROBESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | 22-80206-CRJ |
| INTEGRATED BEHAVIORAL HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT INTEGRATED BEHAVIORAL HEALTH, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, INTEGRATED BEHAVIORAL HEALTH, INC. ("Defendant"), by and through its undersigned counsel, hereby answers the adversary complaint (the "Complaint") filed by Plaintiff BRENT ROBESON ("Plaintiff"). With respect to the numbered paragraphs in the Complaint:

### Parties, Jurisdiction, and Nature of Action

1. Admitted that Robeson is the debtor in the above-referenced Chapter 13 bankruptcy case. Admitted that Defendant is a corporation organized under the laws of the State of Alabama. As to the remaining allegations in paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

2. The allegations in paragraph 2 of the Complaint refer to unidentified "schedules filed by [Plaintiff]," which are documents that speak for themselves and are the best evidence of what is contained therein. To the extent the allegations contradict the documents, they are denied. As to the remaining allegations in paragraph 2, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

3. To the extent the allegations contained in paragraph 3 constitute legal conclusions, no response is required. Defendant lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies them.

4. Defendant denies that it has willfully violated the automatic stay in this case and denies that punitive damages are warranted in this action.

5. The allegations in paragraph 5 of the Complaint consist of legal conclusions to which no response is necessary. To the extent that a response is required, Defendant states that Title 11 of the United States Code, 28 U.S.C. §157, 28 U.S.C. §1334(b), Section 362(k)(1) of the Bankruptcy Code, and opinions in the Eleventh Circuit speak for themselves and are the best evidence of what is contained therein. To the extent the allegations of this paragraph misconstrue or contradict the statute and the opinion, they are denied. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

## Claim – Violation of the Automatic Stay

6. Defendant incorporates by reference its responses and denials to paragraphs 1-5 of the Complaint as if set forth in full herein.

7. The allegations in paragraph 7 of the Complaint refer to a written "Schedule F of the bankruptcy case" which is a document that speaks for itself and is the best evidence of what is contained therein. To the extent the allegations contradict the documents, they are denied. As to the remaining allegations in paragraph 7, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

8. To the extent the allegations contained in paragraph 8 of the Complaint constitute legal conclusions, no response is required. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint consist of legal conclusions to which no response is necessary. To the extent that a response is required, Defendant states that Section 362(a) of the Bankruptcy Code speaks for itself and is the best evidence of what is contained therein. To the extent the allegations of this paragraph misconstrue or contradict the statute, they are denied. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint consist of legal conclusions to which no response is necessary. To the extent that a response is required, Defendant states that Section 362(a) of the Bankruptcy Code speaks for itself and is the best evidence of what is contained therein. To the extent the allegations of this paragraph

misconstrue or contradict the statute, they are denied. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. To the extent the allegations contained in paragraph 11 constitute legal conclusions, no response is required. Defendant lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies them.

12. Denied and strict proof demanded thereof.

13. Denied and strict proof demanded thereof.

14. Denied and strict proof demanded thereof.

15. Denied and strict proof demanded thereof.

## PRAYER FOR RELIEF

A. Defendant denies that Plaintiff is entitled to the relief requested.

B. Defendant denies that Plaintiff is entitled to the relief requested.

C. Defendant denies that Plaintiff is entitled to the relief requested.

D. Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendant, by and through its counsel, asserts the following defenses. Defendant reserves the right to

assert any further defenses that may arise or be identified in the course of further investigation, discovery, or litigation of this action:

1. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, consent, ratification, and/or waiver.

4. Plaintiff's claims are barred because he lacks standing to bring the asserted claims against Defendant.

5. Plaintiff's claims are barred because Plaintiff suffered no damages.

6. Plaintiff's claims are barred because Defendant complied, or substantially complied, with the law.

7. Plaintiff's claims are barred, in whole or in part, due to mistake.

8. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of Plaintiff, and not by Defendant.

9. Defendant is entitled to a setoff of all damages, fees, and costs of litigation against Plaintiff pursuant to Plaintiff's default under the Contract.

Defendant expressly reserves the right to amend this answer and to assert additional affirmative defenses.

*s/ G. Matthew Keenan*
G. Matthew Keenan (4664-G63K)
STARNES DAVIS FLORIE, LLP
Seventh Floor, 100 Brookwood Place
Birmingham, Alabama 35209
T: (205) 868-6000

F: (205) 868-6099
E: mkeenan@starneslaw.com
*Attorney for Integrated Behavioral Health, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF online filing system, which will send electronic notification of such filing to the following:

John C. Larsen, Esq.
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, AL 35811

                          *s/ G. Matthew Keenan*
                          OF COUNSEL

{B4343473}