IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE BRENT ROBESON, | ) | |
| | ) | Bankruptcy Case No.: |
| Debtor, | ) | 22-80267-CRJ-13 |
| | ) | |
| | ) | |
| BRENT ROBESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: |
| | ) | 22-80206-CRJ |
| INTEGRATED BEHAVIORAL HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST AMENDED ANSWER TO THE COMPLAINT

Defendant, INTEGRATED BEHAVIORAL HEALTH, INC. ("Defendant"), by and through its undersigned counsel, hereby amends its Answer to the Complaint filed by Plaintiff BRENT ROBESON ("Plaintiff") as follows:

**Parties, Jurisdiction, and Nature of Action**

1. Admitted.

2. Admitted that IBH is listed as an unsecured creditor in the schedules filed by Robeson on March 4, 2022.

3. Denied.

4. Denied.

5. The allegations in paragraph 5 of the Complaint consist of legal conclusions to which no response is necessary. To the extent that a response is required, Defendant states that Title 11 of the United States Code, 28 U.S.C. §157, 28 U.S.C. §1334(b), Section 362(k)(1) of the Bankruptcy Code, and opinions in the Eleventh Circuit speak for themselves and are the best evidence of what is contained therein. To the extent the allegations of this paragraph misconstrue or contradict the statute and the opinion, they are denied. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

## Claim – Violation of the Automatic Stay

6. Defendant incorporates by reference its responses and denials to paragraphs 1-5 of the Complaint as if set forth in full herein.

7. Admitted that IBH is listed as an unsecured creditor in the schedules filed by Robeson on March 4, 2022.

8. To the extent the allegations contained in paragraph 8 of the Complaint constitute legal conclusions, no response is required. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint consist of legal conclusions to which no response is necessary. To the extent that a response is required, Defendant states that Section 362(a) of the Bankruptcy Code speaks for itself and is the best evidence of what is contained therein. To the extent the allegations of this paragraph misconstrue or contradict the statute, they are denied. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint consist of legal conclusions to which no response is necessary. To the extent that a response is required, Defendant states that Section 362(a) of the Bankruptcy Code speaks for itself and is the best evidence of what is contained therein. To the extent the allegations of this paragraph misconstrue or contradict the statute, they are denied. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. To the extent the allegations contained in paragraph 11 constitute legal conclusions, no response is required. With respect to the other allegations of this paragraph of the Complaint, Defendant admits sending to the debtor an invoice dated March 14, 2022 in the amount of $126.35 and sending to the debtor an invoice dated April 28, 2022 in the amount of $126.35. Defendant denies that it sent these invoices with knowledge of the debtor's bankruptcy filing and denies receiving the notices from the BNC prior to these invoices being sent.

12. Denied and strict proof demanded thereof.

13. Denied and strict proof demanded thereof.

14. Denied and strict proof demanded thereof.

15. Denied and strict proof demanded thereof.

**PRAYER FOR RELIEF**

A. Defendant denies that Plaintiff is entitled to the relief requested.

B. Defendant denies that Plaintiff is entitled to the relief requested.

C. Defendant denies that Plaintiff is entitled to the relief requested.

D. Defendant denies that Plaintiff is entitled to the relief requested.

# AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendant, by and through its counsel, asserts the following defenses. Defendant reserves the right to assert any further defenses that may arise or be identified in the course of further investigation, discovery, or litigation of this action:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of estoppel, consent, ratification, and/or waiver.

3. Plaintiff's claims are barred because he lacks standing to bring the asserted claims against Defendant.

4. Plaintiff's claims are barred because Plaintiff suffered no damages.

5. Plaintiff's claims are barred because Defendant complied, or substantially complied, with the law.

6. Plaintiff's claims are barred, in whole or in part, due to mistake.

7. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of Plaintiff, and not by Defendant.

8. Defendant is entitled to a setoff of all damages, fees, and costs of litigation against Plaintiff pursuant to Plaintiff's default under the Contract.

9. Plaintiff did not sustain any injury or damage as a proximate result of the actions of Defendant as set forth in the Complaint.

10. Any actual damages that Plaintiff may have incurred are the result of his own conduct in filing the present action.

11. Plaintiff failed to mitigate its damages.

12. Defendant did not attempt to collect any debt from Plaintiff after learning of the Plaintiff's bankruptcy filing.

13. Defendant did not engage in any contemptuous, egregious or oppressive acts and did not intend to violate any Order of this Court.

14. Because of Plaintiff's transfer of real property to an insider without consideration, he has unclean hands and his claims against this Defendant are barred.

15. Plaintiff's claims are barred, because his underlying bankruptcy is due to be dismissed.

16. Plaintiff's claims are barred for lack of subject matter jurisdiction.

17. The circumstances of this adversary proceeding lack any "considerations of judicial economy, fairness and convenience to the litigants, and the degree of difficulty of the related legal issues" that would justify this court retaining jurisdiction over it.

Defendant expressly reserves the right to amend this answer and to assert additional affirmative defenses. Defendant further reserves the right to move for a dismissal of this action should the Plaintiff's underlying bankruptcy be dismissed.

*s/ G. Matthew Keenan*  
G. Matthew Keenan (4664-G63K)  
STARNES DAVIS FLORIE, LLP  
Seventh Floor, 100 Brookwood Place

Birmingham, Alabama 35209
T: (205) 868-6000
F: (205) 868-6099
E: mkeenan@starneslaw.com
*Attorney for Integrated Behavioral Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF online filing system, which will send electronic notification of such filing to the following:

John C. Larsen, Esq.
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, AL 35811

                     *s/ G. Matthew Keenan*
                     OF COUNSEL

{B4350181}